UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Frank A. Vega,<br><br>    Plaintiff,<br><br>vs.<br><br>Western Oilfield Supply Services,<br>d/b/a Rain for Rent, and John Does 1-10,<br><br>    Defendants. | Case No. _____<br><br><br>**COMPLAINT** |

For his claims for relief against the Defendant, Western Oilfield Supply Services ("Western") and John Does 1-10, the Plaintiff states and alleges as follows:

1. On November 13, 2024, Plaintiff, Frank A. Vega ("Frank"), was acting in the course and scope of his employment for Liberty Energy Oilfield Services, LLC ("Liberty").

2. On November 13, 2024, Frank was working on an oil well near Stanley, North Dakota, while employed with Liberty.

3. On November 13, 2024, as Frank was working the wellsite, he was struck by a valve which burst from a water manifold while it was under pressure, thereby causing Frank to suffer serious and permanent injuries.

4. Frank seeks damages resulting from his injuries, including economic and non-economic losses, among other things.

## PARTIES

5. At all times material herein, Frank was a resident of Arizona.

4901-9710-7844 v.1

6. At all times material herein, Defendant, Western Oilfields Supply Company, d/b/a/ Rain for Rent ("Western"), was and is a foreign corporation organized under the laws of Delaware, with its principal office located at Bakersfield, California.

7. On November 13, 2024, Defendants, John Does 1-5, whose identities are currently unknown, owned the subject wellsite; operated the subject wellsite; were working the subject wellsite; were employed by Western; and/or were hired to work the wellsite by others; and were acting within the course and scope of their employment at the time Frank was injured.

8. Personal and subject matter jurisdiction exists over the parties to this action.

9. Complete diversity exists amongst the parties, and the amount in controversy exceeds $75,000.00; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## FACTUAL BACKGROUND

10. Frank incorporates all statements and allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

11. On November 13, 2024, Frank and others, including the Defendants, were assisting with well operations.

12. Western was called to the site by other Defendants to repair water tanks it owned, which were located on the wellsite.

13. In order to repair Western's water tanks, Western was required to shut off the pressure to its tanks and valves.

14. Frank and others employed by Liberty were asked to assist Western in shutting off pressure on Western's tanks and valves.

4901-9710-7844 v.1

15. After being informed the water tank's pressure was zero, Western instructed Frank to release a valve. As Frank began to release the valve, the pressure existing on the valve caused it to burst and strike Frank, thereby causing Frank to suffer serious and permanent injuries and other damage.

16. Due to Defendants' failure to adequately operate, supervise, support, and oversee the wellsite and associated equipment, the Defendants placed Frank in danger.

17. As a result of being struck by the burst valve, Frank sustained serious injuries to his chest, shoulder, and head, among other things.

## CAUSE OF ACTION FOR NEGLIENCE AGAINST WESTERN

18. Frank incorporates all statements and allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

19. On November 13, 2024, Western owed duties of care to Frank which were breached by the negligent acts and/or omissions of Western and Western's employees.

20. At all relevant times, Western was vicariously liable for the negligence of its employees.

21. At all relevant times, Western was responsible for the equipment it owned on the subject wellsite.

22. At all relevant times, the negligence of Western and Western's employees was a direct and proximate cause of the injuries sustained by Frank.

23. On November 13, 2024, Western breached its duties of care to Frank by its negligent acts or omissions, including, but not limited, to the following:

    a. The failure of Western to execute its tasks safely during the operation of the well located at the site where Frank was injured;

3

b. The failure of Western to implement appropriate safety protocols for its employees and others working at the well where Frank was injured;

c. The failure of Western to provide adequate and safe equipment for use on the well by workers such as Frank;

d. The failure of Western to adequately oversee and supervise the ongoing operations on the well where Frank was injured;

e. The failure of Western's employee(s) to follow established and accepted industry procedures to ensure the safety of on-site workers such as Frank; and

f. The negligence of Western in its hiring, training, control, supervision, and retention of its employees at the site where Frank was injured.

24. As a direct and proximate cause of Western's negligent hiring, training, supervision, control, and retention of its employees, among other things, Frank sustained and suffered permanent and severe damages.

25. As a direct and proximate cause of Western's negligence, Frank experienced extreme pain, suffering, mental anguish, distress, and the economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

**CAUSE OF ACTION FOR NEGLIGENCE AGAINST JOHN DOES 1-10**

26. Frank incorporates all statements and allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. On November 13, 2024, John Does owed duties of care to Frank which were breached by their negligent acts and/or omissions.

28. At all relevant times, John Does were vicariously liable for the negligence of their employees.

29. At all relevant times, the negligence of John Does' employees was a direct and proximate cause of the injuries sustained by Frank.

4

30. On November 13, 2024, John Does breached their duties of care to Frank by their negligent acts or omissions, including, but not limited, to the following:

    a. The failure to execute their tasks safely during the operation of the well located at the site where Frank was injured;

    b. The failure to implement appropriate safety protocols for their employees and others working at the well where Frank was injured;

    c. The failure to provide adequate and safe equipment for use on the well by workers such as Frank;

    d. The failure to adequately oversee and supervise the ongoing operations on the well where Frank was injured;

    e. The failure of John Does' employee(s) to follow established and accepted industry procedures to ensure the safety of on-site workers such as Frank; and

    f. The negligence of John Does in their hiring, training, control, supervision, and retention of their employees at the site where Frank was injured.

31. As a direct and proximate cause of Defendants' negligent hiring, training, supervision, control, and retention of their employees, among other things, Frank sustained and suffered permanent and severe damages.

32. As a direct and proximate cause of John Does' negligence, Frank experienced extreme pain, suffering, mental anguish, distress, and the economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

**WHEREFORE**, by reason of the Causes of Action enumerated above, Plaintiff, Frank A. Vega, demands judgment against the Defendants, Western Oilfield Supply Services, d/b/a Rain for Rent, and John Does 1-10, jointly and severally, for compensatory damages in a reasonable sum but not less than Seventy-Five Thousand and no/100 Dollars ($75,000.00), plus interest, costs, disbursements, and further relief as to the Court may deem just and equitable.

4901-9710-7844 v.1

6

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES HEREIN.**

Dated: <u>December 29, 2025</u>           **VOGEL LAW FIRM**

BY:   */s/ Jordan B. Weir*
      H. Patrick Weir, Jr. (#04822)
      Jordan B. Weir (#07852)
      218 NP Avenue
      PO Box 1389
      Fargo, ND  58107-1389
      Telephone:  701.237.6983
      Email:   hpweir@vogellaw.com
               jweir@vogellaw.com
      ATTORNEYS FOR PLAINTIFF

4901-9710-7844 v.1